OWEN LINDSAY, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Accomplice — when testimony of, admitted — evidence to corroborate — duty of court as to striking out evidence.*

The Court of Oyer and Terminer may, in its discretion, receive the testimony of an accomplice upon the trial of a person accused of murder. (*People* v. *Whipple*, 9 Cow., 713.)

In order to corroborate the testimony of an accomplice, the prosecution is entitled to give proof both of the facts and circumstances attending the commission of the crime, and also of such as relate to the person of the prisoner and connect him with the accomplice and the commission of the offense. (Wharton Cr. Law, § 787; Roscoe's Cr. Law, 122; 1 Phillips' Ev. [5th Am. ed.], 715.)

Where evidence is given and received tending to prove a material fact, it is not the province of the court to strike it out or exclude it from the jury, on the ground that it is not decisive, or that its weight has been impaired or essentially destroyed on cross-examination or otherwise.

A judge may, when evidence is objected to, and received under objection and exception, or provisionally, yield to the objection and strike it out; in which case the exception falls to the ground. (*People* v. *Parish*, 4 Denio, 156.) But where the evidence is received unconditionally and without objection, the judge has no such power, and it would be error to strike it out as against the party offering the evidence and injured by its exclusion. (*Hall* v. *Earnest*, 36 Barb., 591; *Stephens* v. *People*, 4 Park., 396.)

WRIT of error to the Court of Oyer and Terminer of Onondaga county, to review the conviction of the plaintiff in error of the crime of murder.

*C. B. Sedgwick* and *Frank Hiscock*, for plaintiff in error. *Wm. C. Ruger* and *Wm. James*, for defendants in error.

Opinion by SMITH, J.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed.